900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry DIAZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis RUIZ, Defendant-Appellant.
 Nos. 89-5157, 89-5181.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 9, 1990.
Decided March 12, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-88-47-3).
 James Riley Parish, Parish, Cooke & Russ, Fayetteville, N.C.; Ronnie Monroe Mitchell, Sweeny & Mitchell, Fayetteville, N.C., for appellants.
 Kathleen A. Felton, United States Department of Justice, Washington, D.C., for appellee.
 Margaret Person Currin, United States Attorney, Christine W. Dean, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants were convicted by a jury of possession of 1,000 grams of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, of interstate travel with intent to promote, manage and carry on an unlawful activity in violation of 18 U.S.C. Sec. 1952(a)(3) and 18 U.S.C. Sec. 2, and of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846. Appellants claim error by the court (1) in failing to grant a severance; (2) in the admission of evidence of prior acts of drug dealings by Ruiz; (3) in failing to grant motions of acquittal on all claims because of insufficiency of the evidence; (4) in failing to allow Ruiz to enter a conditional plea of guilty to Counts 1 and 2 and reserve his right to appeal various pretrial rulings; and (5) in failing to conduct a hearing and to require the government to submit proof that a prior state proceeding against Ruiz for drug possession resulted in a finding of guilty and that he was under supervision at the time of the present offense. We find no merit to any of the exceptions, and we affirm.
 
 
 2
 An informant advised DEA Agent Chris Jackson that appellant Ruiz was engaged in purchasing kilogram quantities of cocaine in New York and bringing the drug to Fayetteville by bus. The informant put Jackson in touch with Ruiz, and they discussed the possible purchase of a kilogram of cocaine for $17,000. However, problems developed because Jackson did not wish to advance the purchase price, and Ruiz did not wish to "front the purchase price" or to go to New York without money in hand to complete the purchase. The informant continued contacts and negotiations with Ruiz in an effort to have someone front the cocaine and have it brought to Fayetteville without advance payment. Ruiz indicated that he had a friend named Henry and that Ruiz and Henry wanted to make enough money to open a night club in Fayetteville.
 
 
 3
 On September 6, 1988, the informant went to Ruiz's home and found him preparing to travel to New York. Ruiz said that he had been given $8,000 as partial payment for a kilo of cocaine and that he was going to New York to get it. Ruiz offered to do the same for the informant and for Jackson, but the informant said that Jackson still did not wish to pay in advance. Ruiz agreed to try to obtain a kilo of cocaine for the informant without an initial payment. Ruiz stated he would use his usual routine of flying to New York and returning the following morning by bus. Ruiz stated that his friend Henry would pick him up in New York and that Henry would come back with him in order to take the remaining payment of $9,000 back to New York. The price was $17,000 per kilo and Ruiz was taking $8,000 in cash with him.
 
 
 4
 The informant then advised Agent Jackson that Ruiz would be leaving Fayetteville on Piedmont Flight 52 and sitting in seat 2-B and that he would return to Fayetteville by bus the next morning. The informant also advised that a man named Henry would be returning with Ruiz and that they would be picked up at the bus station by either Debbie Lee or another friend, John. He described the car that Debbie Lee would be driving and the one that John would be using. The informant gave Jackson a description of Ruiz and advised that he would be carrying the cocaine in a gym bag. The surveillance at the airport confirmed that Ruiz had reserved seat 2-B on the flight, and agents were present at the Fayetteville bus station the following morning in anticipation of his arrival by bus. They noticed a woman matching the description of Debbie Lee and driving an automobile matching the description given by the informant. When the bus arrived, the appellants got off and were approached by the agents who asked for identification and copies of the bus ticket. Appellant Diaz gave his identification but stated that his bus ticket was with Ruiz. Both tickets were produced by Ruiz. The agents asked permission to search appellant's bags and consent was given. A kilogram of cocaine was found wrapped in a yellow package in Ruiz's gym bag. The appellants were arrested. Ruiz had $1400 in cash on his person and an address book which contained Diaz's telephone number in New York and notations that showed people's names, amounts owed and other figures. Diaz had a piece of paper on which Ruiz's name and his address in Fayetteville were written.
 
 
 5
 Following arrest, Ruiz admitted that he had gone to New York to buy cocaine. He stated he took a cab from the airport to a park off Amsterdam Avenue in the Bronx where he was approached by some unknown people and offered a kilogram of cocaine. He purchased the substance for $8,000 without examining it to be sure it was cocaine. He stated that he did not know any drug dealers in New York and that appellant Diaz said he would like to come with Ruiz on the bus for a few days vacation in Fayetteville.
 
 
 6
 Appellant Diaz stated that he had been telephoned by Ruiz the day before and advised that he would be arriving at LaGuardia Airport at 6:00 p.m. Diaz and a friend met Ruiz at the airport and went to Diaz's apartment. Ruiz and the friend left the apartment and several hours later Diaz met Ruiz at the bus station. He claimed that he did not know that Ruiz was carrying drugs. Neither appellant testified at trial.
 
 
 7
 Neither appellant challenged their initial joinder in the indictment or for trial. Since the acts they are alleged to have committed involve the same act or series of acts constituting the offense, joinder was proper under Federal Rule of Criminal Procedure 8(b). They claim error because the district court failed to grant a severance under Federal Rule of Criminal Procedure 14 when a severance became necessary to protect Diaz from the spill-over effect of the evidence admissible only against Ruiz. However, severance under Rule 14 is within the discretion of the district court, and the moving party has the burden of demonstrating prejudice. He must show more than the fact that joinder makes it more difficult for him to defend and that he would have a better chance of acquittal in a separate trial. He must show that the denial of severance deprived him of a fair trial resulting in a miscarriage of justice. Person v. Miller, 854 F.2d 656, 665 (4th Cir.1988), cert. denied, 109 S.Ct. 1119 (1989).
 
 
 8
 Appellants are charged with conspiracy as well as the substantive acts of possession with intent to distribute and interstate travel in furtherance of an illegal activity. The evidence of which Diaz primarily complains was admissible on the conspiracy count, and the trial judge protected Diaz by repeatedly giving limiting instructions to the jury as to evidence that related only to acts committed by Ruiz. We find that appellants failed to carry the burden required to obtain a severance.
 
 
 9
 We find no merit to the challenge by Ruiz of the admission of evidence relating to prior acts of drug dealings. These were primarily the negotiations between the informant and Ruiz in the month prior to the arrest relating to possible cocaine purchases. This testimony was a necessary background required to set the stage and allow a proper understanding of the testimony that would be presented as to the final trip to New York and the return by bus. The district court was careful in ruling on the admission of this evidence and excluded evidence that was not material to the acts covered by the indictment.
 
 
 10
 There is no merit to the claims that the evidence was insufficient to support the convictions. The evidence against Ruiz was overwhelming and the evidence against Diaz was sufficient to support a finding that he was Ruiz's contact in New York and that he had come to Fayetteville to collect the remaining $9,000 due on the kilogram of cocaine that appellants had with them.
 
 
 11
 There is no merit to the claim of Ruiz that he should have been allowed to enter a conditional plea to Counts 1 and 2 of the indictment and reserve his right to appeal various pretrial rulings. The government refused to consent to the plea and explained that a trial of the conspiracy count would still be required. Federal Rule of Criminal Procedure 11(a)(2) provides for a conditional plea "with the approval of the court and the consent of the government." The government withheld its consent and that ends the matter.
 
 
 12
 Appellant Ruiz contends that the trial judge did not conduct a proper hearing or make the proper findings before concluding that Ruiz was under supervision at the time of the acts covered by the present indictment and that two points should be added under Sec. 4A1.1(d) of the Sentencing Guidelines. The issue involves a prior state prosecution for drug possession, which did not result in a finding of guilt. However, on May 11, 1988, Ruiz was conditionally discharged of this offense upon the condition that he comply with a one year supervision program. The acts for which he now stands convicted occurred only four months after the conditional discharge and during the one year of supervision. Sentencing Guideline 4A1.1(d) provides:
 
 
 13
 Add two points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status.
 
 
 14
 (Emphasis added.)
 
 
 15
 The record was sufficient for the trial judge to determine that Ruiz was subject to "supervised release," and this finding is not clearly erroneous. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989).
 
 AFFIRMED